CASANUEVA Judge.
Bruce Lee Woody appeals the denial of his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, based on a claim of ineffective assistance of counsel. The case of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), establishes a two-prong test that must be met by a defendant before relief may be granted. These two prongs are commonly referred to as the “deficiency” prong and the “prejudice” prong. See Rutherford v. State, 727 So.2d 216 (Fla.1998). The State has conceded that the first prong has been met because Mr. Woody’s trial counsel failed to view before trial a videotape of Mr. Woody’s voluntary pre-trial statement but argues that such deficiency did not prejudice Mr. Woody. We find prejudice and reverse.
In 1994, Mr. Woody was convicted by a jury of attempted second degree murder. Essentially, the trial was a credibility contest. The victim, a prostitute, testified at trial that after consensual intercourse, an altercation with Mr. Woody occurred, and he slashed her neck with a box cutter. Mr. Woody contended that the prostitute had attacked him and he reacted in self-defense. There was no independent witness to corroborate either version of events. After we affirmed his conviction on direct appeal, Woody v. State, 697 So.2d 149 (Fla. 2d DCA 1997), Mr. Woody sought post-conviction relief. He contended that his trial counsel ought to have viewed the videotape before the State sought to admit it at trial and ought to have objected to its contents.
*1034 The videotape of Mr. Woody’s interview with a law enforcement officer played to the jury contained the following: Mr. Woody admitted stealing a motorcycle; he stated that he was on probation at the time of this arrest; he “trolled” for prostitutes; his “horniness” had cost him a lot of money; he agreed to take a polygraph examination; he smoked marijuana; he had been through a drug treatment program; and he had been “cold-blooded” all his life. Further, the interrogating officer commented during the taped interview that, based on her instinct, she knew he had committed this crime; from his mind set, she concluded he was admitting to the crime; and the victim in this case had a sister, also a prostitute, who was the victim of an unsolved homicide. However, the officer did state that Mr. Woody was not a suspect in the sister’s murder. At the evidentiary hearing on Mr. Woody’s rule 8.850 motion, his trial counsel testified that he remembered that at the time the videotape was played to the jury he thought to himself: “Well, that was pretty bad.... There’s a lot of stuff in there that shouldn’t have come in.” He was correct.
An ineffective assistance of counsel claim is a mixed question of law and fact. See Rose v. State, 675 So.2d 567 (Fla.1996). We look to whether counsel’s unprofessional errors so upset the adversarial balance between the defense and the State that the trial was rendered unfair and the verdict suspect. See Lockhart v. Fretwell, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). We have no hesitation in concluding that for the jury to hear about collateral crime evidence, Mr. Woody’s status as a probationer, his drug use, his cold-blooded nature, and the officer’s opinion of his guilt, as well as the mention of the unsolved homicide, so tainted the trial that the outcome of the proceeding was fundamentally unreliable. We thus find that the “prejudice” prong of Strickland has been met.
Based on the foregoing, we conclude that the trial court erred in denying the motion for post-conviction relief. We reverse the denial and direct the trial court to enter an order granting the motion and allowing Mr. Woody a new trial with competent counsel.
NORTHCUTT, A.C.J., and SALCINES, JJ., Concur.